# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

Eastern Division

RECEIVED
JUN 11 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

Christopher Dolin

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Wellpath d/b/a Correct Care Solutions, LLC;
Lieutenant Jones; Jordan Kinded; Karen Craig; Jeffery
Newton & Walter Minton

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Case No. 4:19-CV-88-BO

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☐ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | Christopher Dolin |
| Street Address | 424 Beasley Drive, Apartment R7 |
| City and County | City of Greenville, Pitt County |
| State and Zip Code | NC 27834 |
| Telephone Number | (914)-727-0321 |
| E-mail Address | christopher_dolin@comcast.net |

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Wellpath dba Correct Care Solutions, LLC |
| Job or Title *(if known)* | |
| Street Address | 1283 Murfeesboro Road, Suite 500 |
| City and County | City of Nashville, County of Davidson |
| State and Zip Code | TN 37217 |
| Telephone Number | (800)-592-2974 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Unknown Jones |
| Job or Title *(if known)* | Lieutenant, Riverside Regional Jail Authority |
| Street Address | 500 Folar Trail |
| City and County | North Prince George, Prince George County |
| State and Zip Code | VA 23860 |
| Telephone Number | (804)-524-6600 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Jordan Kindred |
| Job or Title *(if known)* | Officer, Riverside Regional Jail Authority |
| Street Address | 500 Folar Trail |
| City and County | North Prince George, Prince George County |
| State and Zip Code | VA 23860 |
| Telephone Number | (804)-524-6600 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Karen Craig |
| Job or Title *(if known)* | Acting Superintendent, Riverside Regional Jail Authority |
| Street Address | 500 Folar Trail |
| City and County | North Prince George, Prince George County |
| State and Zip Code | VA 23860 |
| Telephone Number | (804)-524-6600 |

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

        The plaintiff, *(name)*  Christopher Dolin _____ , is a citizen of the State of *(name)*  North Carolina _____ .

    b.  If the plaintiff is a corporation

        The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

        _____ .

        *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. Or is a citizen of
*(foreign nation)* _____.

b.  If the defendant is a corporation

The defendant, *(name)* Wellpath d/b/a Correct Care Solutions , is incorporated under
the laws of the State of *(name)* Tennessee , and has its
principal place of business in the State of *(name)* Tennessee .
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

$1,000,000 - Wellpath d/b/a Correct Care Solutions, LLC plus interest & costs of court for not adequately finding Rawls-Dolin alternate work after RRJA security badge was revoked in direct retailiation for inquiring about a sexual harrassment claim filed with RRJA's Office of Professional Review & it's ongoing negative imact on Plaintiff's family & quality of life.
$110/day starting 4/16/2019- Wellpath d/b/a Correct Care Solutions, LLC for failure to inform Rawls-Dolin of COBRA notification for group dental plan offered through Wellpath.
$500,000- Wellpath d/b/a Correct Care Solutions, LLC plus interest & costs of court for financial loss to Plaintiff's family income as a result of Wellpath's actions.
$1,000,000 plus interest & costs of court for Defendant Jones' unsubstanciated revokation of Rawls-Dolin's security badge on 15 April 2019 as retaliation for sexual harrassment towards Rawls-Dolin by Defendant Kindred and Defenants Craig, Newton & Minton's casual allowance of sexual harrassment and treatment of contractors outside of the RRJA's Workplace Harrassment and Violence Policy.
$750,000- Defendants Jones, Kindred, Craig, Newton & Minton's actions caused emotional distress, mental anguish, loss of family income and quality of life to Plaintiff.

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

PLAINTIFF'S spouse, Christina Rawls-Dolin was employed as a Qualified Mental Health Professional at the Riverside Regional Jail from November 2017-April 15, 2019. On 28 March 2019, Rawls-Dolin filed with OPR (Office of Professional Review) a sexual harrassment claim for the second time against DEFENDANT KINDRED. DEFENDANTS CRAIG, NEWTON & MINTON harbored an environment of sexual harrassment to be prevalent in their facility. Although the Riverside Regional Jail's Workplace Harrassment and Violence policy 3.12.003 revised 02/22/2012 promotes itself as a zero tolerance to its' employees, the same zero tolerance does not extend from RRJA's employees to contracted staff (i.e. Rawls-Dolin through Wellpath) for sexual harrassment or retaliation. OPR Sargent Edwards signed the document Ms. Dolan (even though Rawls-Dolin clearly had her name signed as it states on her Virginia Driver's License). On 15 April 2019, Rawls-Dolin inquired of OPR on her claim as it was alienaiting her from her team of Mental Health Counselors & HIPPA protected information wasn't secured with alternating workspace ordered by DEFENDANT JONES on or about 28 March 2019. OPR directed her to DEFENDANT JONES who in turn revoked her security badge to enter the RRJ in retaliation for inquiring on her claim. The RRJA's Staff and Visitor Identification policy 10.6 revision .001 dated 10/20/06, section 7 (Contractors) does not outline the revokation of contractors credentials nor state why they would be revoked for non active warrants by law enforcement.

After being barred from the facility and walked out to the parking lot by DEFENDANT JONES, RRJA Sargent Brown & Director of Nursing Gordon, Rawls-Dolin reached out to her Wellpath Director Pamela Gilley and informed Gilley of the situation. Gilley informed Rawls-Dolin she would get back with her that day. After not hearing back from Gilley, Rawls-Dolin continued to reach out to Wellpath multiple times telephonically up to 17 April and to this day, has never received an official notice her employment was ended. In addition, DEFENDANT WELLPATH continues to send Rawls-Dolin text messages about DEFENDANT WELLPATH's company news & bulk mailings about company news in May 2019.

Rawls-Dolin was treated as an employee of the Riverside Regional Jail although she was not. This was admitted by DEFENDANTS JONES, KINDRED, CRAIG, NEWTON & MINTON'S Attorney Jeffery Gore via email on 6 June 2019. By Gore's own admission, Rawls-Dolin was "not diciplined in any way for filing these complaints" but RRJA's security badge was revoked in retailiation for inquiring on a pending case she had. Outside of a correctional environment, would a police officer arrest a rape victim for simply inquiring about their case? Would the family of someone murdered be arrested for inquiring of the status of the investigation? Would a truck driver delivering to a location be terminated by their company for asking the receiver at the delivery location they are delivering to how long it would be before they would be unloaded? DEFENDANT JONES' response is a polar opposite of how someone is supposed to behave for having a simple question asked of them. DEFENDANT JONES' action to Rawls Dolin was justified as Gore also stated Rawls-Dolin "violated the confidentiality agreement that is set out in the OPR policies" and "the documents you signed. Regardless, you were never an employee of RRJA". The OPR policy is for RRJA employees, does not extend over to contractors and the OPR investigation disclaimer is for RRJA employees only not outside staff. Was Rawls-Dolin treated as a RRJA employee although she was under DEFENDANT WELLPATH's employ? Gore's justification of DEFENDANT JONES' action simply contradicts the disclaimer refering to policies on the RRJA's own form.

On 28 April 2019, Rawls-Dolin filed with the Virginia Employment Commision for unemployment due to DEFENDANT WELLPATH's negligence in informing her that her employment was ended. On 5 June 2019, Rawls-Dolin had a hearing for unemployment benefits with the VEC for the issue of if Rawls-Dolin's employment was "discharged or suspended for misconduct". Wellpath did not participate in this hearing and on 6 June 2019, Rawls-Dolin was granted unemployment benefits as Rawls-Dolin "last worked for Correct Care Solutions LLC on 4/15/19. The employer discharged the claimant" and "The information presented does not establish that the claimant was discharged due to misconduct in connection with work". If DEFENDANT WELLPATH did not terminate Rawls-Dolin's employment for "misconduct with work" then why was it ended? Only DEFENDANT JONES, CRAIG, NEWTON or MINTON can answer this.

In closing, all DEFENDANTS actions towards Rawls-Dolin have negatively impacted PLAINTIFF's quality of life, enjoyment of life and financial stability. All Defendants employed by the RRJA allowed this situation to fester and when Rawls-Dolin spoke up for the injustice done towards her that they all had a hand in allowing to occur to this point, they attempted to silence her by using their policies to treat her as an employee and silence

her by revoking her security badge to bar her from the facility.

Exhibit 1: Timeline of Events of sexual harrassment to Rawls-Dolin from DEFENDANT KINDRED.
Exhibit 2: OPR Investigation filed on 28 March 2019.
Exhibit 3: Photograph placed outside of Rawls-Dolin's workspace on 23 December 2018.
Exhibit 4: Correspondence between Rawls-Dolin & RRJA's attorney Jeffery Gore.
Exhibit 5: VEC Notice of Fact Finding Interview
Exhibit 6: VEC Notice of Deputy's Determination
Exhibit 7: Wellpath mailing to Rawls-Dolin in May 2019.
Exhibit 8: Verizon phone records for Rawls-Dolin with Contact to Wellpath

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLAINTIFF is requesting damages in the amount of $3,250,000 (plus $110/day for failure to receive COBRA notification) for mental anguish, emotional distress, loss of spousal income, loss of enjoyment of life due to DEFENDANT WELLPATH's negligence in alternate workplace; DEFENDANT JONES' revokation of Rawls-Dolin's security badge to access the Riverside Regional Jail in retailiation for Rawls-Dolin filing sexual harrassment claim against DEFENDANT KINDRED & DEFENDANTS CRAIG, NEWTON & MINTON's faciliation of an environment where sexual harrassment by DEFENDANT KINDRED is prevelant.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            06/08/2019

Signature of Plaintiff

Printed Name of Plaintiff        Christopher Dolin

### B.    For Attorneys

Date of signing: _____

Signature of Attorney

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

I.      The Parties to This Complaint
        a.   The Defendant(s)- additional
        Colonel Jeffery Newton
        Retired Superintendent, Riverside Regional Jail Authority
        500 Folar Trail
        North Prince George, Prince George County
        VA 23860
        (804)-524-6600
        Major Walter Minton
        Deputy Superintendent, Riverside Regional Jail Authority
        500 Folar Trail
        North Prince George, Prince George County
        VA 23860
        (804)-524-6600

II.     Basis for Jurisdiction

        2. The Defendant(s)- additional

        The Defendant LIEUTENANT JONES is a citizen of the State of Virginia.

        The Defendant JORDAN KINDRED is a citizen of the State of Virginia.

        The Defendant KAREN CRAIG is a citizen of the State of Virginia.

        The Defendant JEFFERY NEWTON is a citizen of the State of Virginia.

        The Defendant WALTER MINTON is a citizen of the State of Virginia.


6/8/19

Christopher Dolin
424 Beasley Drive
Apartment R7
Greenville, NC 27834
(914) - 727-0321